ALCOHOLIC BEVERAGES — ADVERTISING — OKLAHOMA PRINTING COMPANY PRINTING LIQUOR ADVERTISING FOR OUT OF STATE PUBLISHER An Oklahoma printing company may print and bind magazines and/or programs for a publisher headquartered outside Oklahoma who publishes a national magazine and/or program designed for national distribution in connection with a nationally publicized event to be held in Oklahoma, which publication contains liquor advertising sold outside the State of Oklahoma to companies headquartered outside the State of Oklahoma, and which magazine is to be distributed by the national publisher in all fifty states. The Attorney General has considered your request for an opinion wherein you ask the following question: "May an Oklahoma printing company print and bind magazines and/or programs for a publisher headquartered outside of Oklahoma who publishes a national magazine and/or program designed for national distribution in connection with a nationally publicized event, to be held in Oklahoma, which publication contains liquor advertising sold outside the State of Oklahoma to companies headquartered outside the State of Oklahoma, and which magazine is to be distributed by the national publisher in all fifty states, to include the State of Oklahoma ?" Article XXVII, Section 5 of the Oklahoma Constitution provides in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverage within the State of Oklahoma. . ." Title 37 O.S. 516 [37-516] (1971) provides in part: "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma . . . ." As may be seen from these provisions, the advertising of alcoholic beverages or advertising the sale of alcoholic beverages is prohibited in Oklahoma. The act of advertising implies and requires a making public the material or message. This concept is well recognized in the law. "The term advertise means an act or practice of attracting public notice and attention . . . the idea underlying the word has reference not so much to the vehicle or instrumentality used for getting the notice before the public, as to the defusion, or the bringing home to public . . . the information or matter contained in the notice." In Re W 339 New York Supp. 2d 193, 195 (1972) "Advertise means 'to give public notice of; to announce publicly . . . to call public attention to . . . an invitation to the general public.' " Sassone v. Board of Chiropractic Examiners 20 Cal Reporter 231, 235 (1962). "To advertise is to give notice to; to inform; to make known to." Bissell Carpet Sweeper Company v. Masters Mail Order Company of Washington, D.C., 140 F. Supp. 165, 173 (1956), affirmed 240 F.2d 684." Your question involves the conduct of an Oklahoma based company that prints and binds a magazine or program containing alcoholic beverage advertisements for an out-of-state publisher. Under the facts of your question, the Oklahoma company does not publish, distribute, circulate, or in any way make public the magazine or program. Therefore, the Oklahoma company is not making public or advertising the alcoholic beverages. The out-of-state publisher of the magazine or program is drawing public attention to alcoholic beverages, and, therefore, is the entity engaged in advertising alcoholic beverages. It is, therefore, the opinion of the Attorney General that your question be answered as follows: An Oklahoma printing company may print and bind magazines and/or programs for a publisher headquartered outside Oklahoma who publishes a national magazine and/or program designed for national distribution in connection with a nationally publicized event to be held in Oklahoma, which publication contains liquor advertising sold outside the State of Oklahoma to companies headquartered outside the State of Oklahoma, and which magazine is to be distributed by the national publisher in all fifty states. (DANIEL J. GAMINO) (ksg) ** SEE: OPINION NO. 77-264 (1977) **